UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-cv-20704-GAYLES

**SANDRO RODRIGUEZ BRITO,**

    Petitioner,

v.

**GARRETT J. RIPA, Miami Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO); U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; U.S. Department of Homeland Security (DHS); PAMELA BONDI, Attorney General of the United States, and TODD LYONS, Director, Immigration and Customs Enforcement.,**

    Respondent.
_____/

## ORDER TRANSFERRING CASE TO MIDDLE DISTRICT OF FLORIDA

**THIS CAUSE** is before the Court on Petitioner Sandro Rodriguez Brito's Petition for Writ of Habeas Corpus. [ECF No. 1]. According to Petitioner, he is detained by U.S. Immigration and Customs Enforcement (ICE) at the Florida Soft Side South Detention Center, also known as "Alligator Alcatraz." [ECF No. 1]. Although Petitioner alleges that venue is proper in the Southern District of Florida, *id.* at 3, the Florida Soft Side South Detention Center is located in Collier County within the Middle District of Florida. *See* 28 U.S.C. § 89(b) (providing that the Middle District of Florida includes Collier County, Florida).

Under § 2241, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one

district: the district of confinement." *Id.* at 443; *see also Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012) ("jurisdiction for § 2241 petitions lies only in the district of confinement"). If a petitioner files his case in the wrong district, the Court can *sua sponte* transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction[.]").

Because Petitioner is confined in Collier County, Florida, jurisdiction only lies within the Middle District of Florida. Therefore, it is **ORDERED AND ADJDUGED** that this case is **TRANSFERRED** to the Middle District of Florida, Fort Myers Division. *See* M.D. Fla. L.R. 1.04(a) (providing that the Fort Myers Division comprises Collier County). The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of March, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:

Gregory Joseph Gonzalez
Law Office of Gregory Gonzalez
3455 SW 142 Pl
Miami, FL 33175
Email: lawofficeofgregorygonzalez@gmail.com

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov